**No. 48080.**—Protests 973549–G, etc., of De Meo Bros., Premier Co., Inc. (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel and on the authority of Abstract 38680 the claim at 40 percent under paragraph 339 was sustained.

**No. 48081.**—Protests 783865–G, etc., of Amerlux Steel Corporation (Portland, Oreg.).

Opinion by TILSON, J. Following *Wilbur-Ellis Co.* v. *United States* (26 C. C. P. A. 403, C. A. D. 47) and (9 Cust. Ct. 120, C. D. 673) the bale ties in question were held entitled to free entry under paragraph 1604, as claimed.

BEFORE THE SECOND DIVISION, MARCH 10, 1943

**No. 48082.**—Protests 94227–K, etc., of New York Merchandise Co., Inc. (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel brass base shells and electric Christmas wreaths were held dutiable as parts of articles having as an essential feature an electrical element or device, such as signs, as claimed. *New York Merchandise Co., Inc.* v. *United States* (8 Cust. Ct. 209, C. D. 607) and *United States* v. *N. Minami & Co., Inc.* (29 C. C. P. A. 169, C. A. D. 188) followed.

**No. 48083.**—Protests 78943–K, etc., of New York Mdse. Co., Inc. (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel and on the authority of *New York Merchandise Co., Inc.* v. *United States* (8 Cust. Ct. 209, C. D. 607) brass base shells were held dutiable at 35 percent under paragraph 353, as parts of articles having as an essential feature an electrical element or device, such as signs, as claimed. It was also stipulated that the marcel irons in question are similar in all material respects to those the subject of Abstract 38680. They were therefore held dutiable as household utensils at 40 percent under paragraph 339, as claimed.